UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

In re: DAVID A. STEBBINS PETITIONER

V Case 1:26-mc-00609

JOHN DOE AFFECTED NONPARTY

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2026 OCT 27 PM 1:48

**EMERGENCY MOTION TO QUASH SUBPOENA DIRECTED TO GOOGLE LLC, TO STAY COMPLIANCE, AND TO REOPEN PROCEEDING FOR LIMITED PURPOSE**

John Doe ("Movant") d/b/a Creetosis, proceeding anonymously and *pro se*, and appearing specially before this Court to protect his anonymity, respectfully moves for an order quashing the subpoena directed to Google LLC ("Google") pursuant to 17 U.S.C. § 512(h), Federal Rule of Civil Procedure 45, and the Court's authority to protect nonparties from unauthorized disclosure of confidential identifying information.

Movant further requests an immediate stay of compliance be issued pending resolution of this motion, expedited consideration, and reopening the miscellaneous proceeding to the extent necessary to adjudicate the challenge. Movant also requests reasonable, documented fees be reimbursed in a manner that can maintain his anonymity for having to file a challenge to this procedurally improper method employed by Petitioner.

**FACTUAL BACKGROUND**

Petitioner David A. Stebbins ("Pettioner")is a serial plaintiff and a thrice-declared vexatious litigant in his home county of Boone County, Arkansas, as well as federally in the Western District of Arkansas and the Northern District of California.

On October 23, 2026, the Court granted Petitioner's request for issuance of a subpoena under 17 U.S.C. § 512(h), directed the Clerk to issue the subpoena to Google, and closed the miscellaneous

proceeding.

Petitioner has already started litigation against Movant in the Northern District of California. See *Stebbins v. Doe*, 4:25-cv-04499, (N.D. Cal.). Indeed, this subpoena that has been issued is specifically related to that case.

On September 9, 2025, the Honorable Judge Jeffrey S. White, presiding judge in the case, denied Petitioner's request for identifying information related to Movant. *id.*, dkt. 43. That order specifically addressed the impropriety of employing a § 512(h) subpoena as a mechanism for discovery in the pending California action. Petitioner was and is aware of Judge White's specific order requiring him to satisfy the *Columbia* factors in order to obtain Movant's information in that action.

Rather than satisfy those factors, Petitioner now comes before this Court in a blatant attempt to sidestep Judge White's express requirements in that proceeding. Judicial gamesmanship is not something new to Petitioner, as he has been found to engage in such actions to get around his vexatious litigant status in Arkansas and to prevent a default judgment against his targets in California as well as attempting to use § 512(h) as a means of bypassing Judge White previously to obtain the information of another John Doe defendant in another action.

Put bluntly, Petitioner continues to abuse the court system to obtain remedy he has not shown he is entitled to. Abuse of legal proceedings is, again, not something Petitioner is averse to. In all three orders either declaring Petitioner a vexatious litigant or placing prefiling restrictions on him, the courts have found his actions to be abusive. In *Stebbins v. Stebbins*, 3:12-cv-03130, (W.D. Ark.) at dkt. 10, the Honorable Judge P.K. Holmes, III noted that, "[n]ot only has Mr. Stebbins filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few have had any merit."

In *Stebbins v. Google LLC*, 3:23-cv-00322, (N.D. Cal.) at dkt. 71, the Honorable Judge Trina L. Thompson noted, "...Plaintiff's conduct in filing hundreds of motions that have little merit in this and

[other] cases satisfies this factor...Plaintiff continues to repeatedly file numerous claims and motions with limited merit. Moreover it appears that the motive for plaintiff's filing of the instant and similar lawsuits is to stop harassment from other users online...During a case management conference before the Court, Plaintiff stated that he seeks to stop harassment directed at him. However, this is not a proper use of copyright law."

In *David A Stebbins v Geoff Thompson, Jason Day, et al.*, 2015cv-38-4, (Boone Circuit, Boone County, AR.), in his Findings of Fact, Conclusion of Law, and Order of Dismissal and for Sanctions, the Honorable Judge Brad Karren wrote, "The Boone County Circuit Court is hereby ordered to refuse to accept any cause of action to be filed in Boone County Circuit Court where Mr. Stebbins is acting as a *pro se* Plaintiff. He is no longer able to file any lawsuits in Boone County on his own...This Court is imposing the sanction to ensure that no further frivolous actions are filed to harass these parties or cause a needless increase in the cost of litigation in the future."

## ARGUMENT

### I. MOVANT HAS A DIRECT INTEREST IN CHALLENGING DISCLOSURE

Although the subpoena is directed to Google, its purpose is to obtain the personal information of Movant. Movant is a critic of Petitioner and has been for some time. Federal Rule of Civil Procedure 45(d)(3) authorizes a motion to quash "on timely motion" and courts have interpreted this provision to permit nonparties with a personal right or privilege in the subpoenaed information to seek relief. Courts have consistently recognized that nonparties—including anonymous speakers whose personal information is being sought—have a right to challenge such subpoenas without needing to even intervene. See *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611-12 (E.D. Va. 2008).

### II. AN EMERGENCY STAY IS WARRANTED

Delaying compliance with the subpoena at this juncture, at worst, causes minimal prejudice to

Petitioner. He does not have Movant's information at the present time, and continuing to not possess it does not change anything for him. His case is still active before Judge White and can proceed. In fact, Petitioner *should* have been trying to satisfy Judge White's explicit orders to satisfy the *Columbia* factors to obtain the subpoena he wants in that case. However, to allow the subpoena to be complied with and provide the information to Petitioner, only for the Court to decide that the subpoena was improperly issued and thus is invalid afterwards would irrevocably damage Movant, whose anonymity is a First Amendment right.

Movant therefore respectfully requests that the Court immediately stay compliance with the subpoena and prohibit Google from releasing Movant's information to Petitioner pending adjudication of the Motion, so that the relief requested herein is not rendered meaningless before the Court can consider it.

## III. THE CASE IS ALREADY ACTIVE AND BEFORE A JUDGE

Petitioner already has active litigation on this very issue. He has already attempted to use a § 512(h) subpoena to obtain the desired information. In *Stebbins v. Doe,* 4:25-cv-04499-JSW, (N.D. Cal.) at dkt. 43, Judge White stated in denying Petitioner's request, "Section 512(h) is not a proper method for early discovery in a pending action...Stebbins may file a renewed motion for issuance of a *subpoena duces tecum* which address the *Columbia* factors for early discovery by no later than September 23, 2025." It should be noted that Petitioner let that date lapse and did not attempt to file a new request.

## IV. PETITIONER'S PRIOR JUDICALLY IDENTIFIED ATTEMPTS TO CIRCUMVENT DISCOVERY ORDERS

This is not the first time Petitioner has attempted to start a new action to obtain information on a target of pending litigation. In *In re. David Stebbins*, 25-80278 MISC, (N.D. Cal.), at dkt. 4, the Honorable Judge Trina L. Thompson wrote the following in denying Petitioner's request for a § 512(h)

subpoena against another anonymous individual by the alias Bibi Faizi:

> "On February 10, 2025...Judge Jeffrey S. White denied Plaintiff's Motion for Issuance of Subpoena Duces Tecum under 17 U.S.C. § 512(h) to identify a YouTube user with the alias Bibi Faizi in connection with Plaintiff's pending copyright claim...On September 3, 2025, Judge White denied Plaintiff's renewed motion...Now, Plaintiff seeks to sidestep Judge White's orders by submitting a Petition for Issuance of Subpoena Duces Tecum for the same information..."

Petitioner, thus, is aware that it is improper to attempt to sidestep the active judge in his litigation, but he seeks to do so anyways. Again. Petitioner is attempting the legal version of "mommy won't give me what I want, so I'll ask daddy" despite being admonished *for the exact same tactic.*

What's more, Petitioner decided to circumvent the Northern District of California entirely and make his case in another judicial Circuit. Judge White is the presiding officer in that case. The Ninth Circuit is where Petitioner brought the case. Petitioner made those decisions, and now that he has been told to satisfy specific discovery requirements that apply to all Plaintiffs and actively chosen not to pursue compliance, he has opted to bring his request to a court in the Third Circuit. It borders on impossible to believe that this decision was made with some good faith belief on the part of Petitioner; indeed, it has the hallmarks of his longstanding, judicially documented habit of engaging in legal gamesmanship to get a desired outcome, and so he brought the request here, where he is not judicially recognized as a vexatious litigant. As an example of this, in *Stebbins v. Hixson*, 3:18-cv-03040, (W.D. Ark.), Petitioner filed an action in the Eastern District of Arkansas, only for the court to transfer it to the Western District, noting that the damages had been there, and that was where Petitioner lived. In his Order granting Defendants's Motion to Dismiss, the Honorable Judge Timothy L. Brooks noted, "Further, this Court believes that the only reason why Mr. Stebbins filed the instant action in the Eastern District, when, for all the reasons stated above, it clearly should have been filed in the Western District, was either to avoid judicial review by the undersigned, who is very familiar with these facts, or to avoid the filing restrictions placed on him..." *id.*, at dkt. 32.

This Court should quash the subpoena, as well as consider requiring restitution to the Movant of reasonable, documented costs relating to this Motion and any future filings relating to it.

## V. PETITIONER'S OWN EVIDENCE SHOWS IT IS IMPROPER

Even barring the arguments above, the purpose of the subpoena is obvious. Section 512(h)(2)(C) requires "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information wil! only be used for the purpose of protecting rights under this title."

Petitioner's own DMCA notice to Google shows a date of August 24, 2023. The request for the subpoena was mailed on September 25, 2026.

The Copyright Act of 1976 provides the statute of limitations for filing a copyright infringement lawsuit. "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."

Petitioner cannot have it both ways. He expressly identifies the pending action in California as the litigation to which this subpoena relates. That action was commenced in the proper timeframe and is already subject to Judge White's supervision. If Petitioner relies upon that existing action to establish the copyright-protection purpose of the subpoena, he must then confront the fact that he previously sought substantially the same information in that action that was directly related to Movant and that he was told he must satisfy the *Columbia* factors before the subpoena would be issued. In that case, he would then be admitting that this is an attempt to sidestep Judge White *again* to obtain information on a target for another lawsuit.

If, however, Petitioner seeks to start a new action, he must identify the timely claims that such an action would pursue. At the moment, the only information before the Court regarding this is

Petitioner's DMCA notice, which would close the time to file a new action on August 24, 2026. Petitioner has not identified any subsequent act of infringement that would allow for him to start a new claim.

Indeed, Petitioner is well aware of this statute of limitations and how important it is. In a case before this very Court, Petitioner acknowledges that the three-year statute of limitation for a claim to be filed exists. In *Stebbins v. Google LLC*, 1:24-mc-00478, (D. Del.) at dkt. 4, Petitioner states, "Skibbity committed his infringement on December 20, 2021, and xArtemisWolf committed her two infringements in January of 2022. This means that the statute of limitations will bar my claims against them in December of 2024 and January of 2025, respectively. See 17 USC § 507(b)."

Assuming, *arguendo*, that the Court was willing to overlook that the case is already before another court and another judge and that Petitioner admits as much in his petition, there is no reason to believe that Petitioner's subpoena is valid under the law.

## VI. ADMINISTRATIVE CLOSURE SHOULD NOT PREVENT REVIEW

The Court ordered the docket on this matter closed after the order to issue the subpoena and before Movant had the ability to contest it. Movant respectfully requests the Court reopen the matter in order to do so. Federal courts have previously reopened closed subpoena proceedings when further judicial action was necessary. See *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992) (describing the district court's reopening of previously dismissed subpoena proceedings). Although *Sparks* involved a different procedural setting, it demonstrates that closure of a docket does not categorically preclude subsequent judicial consideration of a subpoena dispute.

## VII. REASONABLE, DOCUMENTED COSTS SHOULD BE REIMBURSED

Movant's decision to file this Motion was not merely reasonable, but it was necessary in order

to mitigate the possibility that Google, the recipient of the subpoena, would comply before meaningful judicial review could occur. Movant was not in the position to assume in any safe manner that Google would not comply, or rather give Movant a chance to file a motion to quash before revealing the information sought. If Google had complied, then the damage would be irreversible, and it would be too late for Movant to do anything to protect his own rights.

Movant, therefore, submits that these costs are not only reasonable, but necessary in protecting those rights. More to the point, these costs were foreseeable consequences of Petitioner's actions. Absent Petitioner's decision to abuse the legal system in such a manner, these costs would not be incurred.

Federal courts possess authority to impose appropriate sanctions for abuse of judicial process. In *Chambers v. Nasco, Inc,* 501 U.S. 32, 45-46 (1991), the Supreme Court recognized the inherent authority of federal courts to assess litigation expenses against parties who act in bad faith, vexatiously, wantonly, or for oppressive reasons. The Court further recognized that this authority may address litigation misconduct extending beyond that particular proceeding in which sanctions are sought. *id.*, at 50-51, 57.

The Supreme Court has likewise recognized that bad-faith litigation conduct may justify an award of expenses even when the misconduct concerns the manner in which litigation is pursued rather than the underlying merits. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-767 (1980).

Movant does not seek compensation or reimbursement for anything beyond documented expenses relating to this amount. At present, that amount is specifically tied to the amount paid to have this Motion hand-couriered to the Court. This was chosen because even though a return address would not necessarily be required on the envelope that would be scanned into the Court's system, in the event there was a problem with delivery then Movant would not know. Beyond that, that would be several

days where there was no motion before the Court and increased the likelihood of Google complying with the subpoena. In short, this method was chosen to allow for prompt, verifiable delivery while maintaining the anonymity the Motion seeks to preserve. Given the circumstances, expedited delivery was a reasonable measure to ensure Movant's ability to preserve his anonymity.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Movant requests the following relief from the Court:

1.) Reopen the miscellaneous proceeding to allow argument and briefing on the Motion to Quash;

2.) Immediately stay Google's compliance with the subpoena;

3.) Quash the subpoena;

4.) Permit Movant to proceed pseudonymously and protect identifying information from public disclosure; and

5.) Award reasonable, documented costs if the Court finds an appropriate legal basis, or reserve that question for further proceedings.

SIGNED ON THIS DAY, October 24, 2026.

/s/John Doe
John Doe, Movant
creetosislegal@gmail.com