UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| in re David Stebbins | ) | Case No. 1:26-mc-00609-MN |

**RESPONSE IN OPPOSITION TO [11] MOTION TO QUASH**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response in Opposition to Creetosis's Motion to Quash in the above styled action.

**This Court already is well aware of the California case.**

1. First, he attempts to educate this Court of the related proceedings in California. However, the Court has already been notified of these proceedings in my Petition. See Dkt. 2, ¶ 1.

**Filing a motion for subpoena in the California case would be inappropriate.**

2. Next, Creetosis opposes the subpoena, but not for the reasons one might think. He is not alleging that I do not have a right to subpoena YouTube for his name or address in any capacity. Rather, he seems to concede that I have the right to this subponea. He just objects to the *procedure* which I used to obtain the subpoena. This turns his motion to quash from a substantive motion into a purely procedural one.

3. That said, he is incorrect in his belief about what I must do. He acknowledges that Judge White previously refused to issue a subpoena inside that very case, and he did so on the grounds that I had not satisfied all of the “Columbia factors.” However, it is telling that Creetosis never specifies precisely which “Columbia factor” I failed to get. Because if he did, he'd ultimately kill his own motion by revealing that I am indeed following the proper procedure.

4. The Columbia factor that I had failed to meet was that I had failed to “demonstrate a good faith effort to identify the defendant prior to seeking the subpoena.” Well, that's precisely

what I'm doing now: Seeking to identify the defendant prior to seeking an in-case subpoena.

5. Now, at this point, you're probably thinking "Well, you're still seeking a subpoena, right?" Except, when Judge White said "seeking a subpoena," he meant seeking a supboena inside that case, where John Doe was already listed as a defendant. As he explains in Dkt. 43 of that case, (a copy of which is hereby provided as **Exhibit A**) "A section 512(h) subpoena is 'its own civil case' where the sole issue is whether the subpoena should be enforced or not," and this is the more appropriate path to subpoenaing Doe's identity because "outside of the DMCA expedited subpoena process, a copyright holder seeking to learn the identity of infringers sharing copyright-protected content on the Internet would have to file an infringement action against individual users suspected of infringement, naming each as a John Doe defendant, and move the court for leave to conduct early discovery," which is what triggers the Columbia factors.

6. In a separate case (Case No. 4:22-cv-00546-JSW in the Northern District of California), Judge White even explicitly said "Stebbins may move the Court for a stay pending resolution of a separate action under Section 512(h)." See Dkt. 91, Page 2, Lines 15-16 (a copy of which is hereby provided as **Exhibit B**). In other words, he was directly inviting me to file a ¶ 512(h) petition in an attempt to learn the defendant's identity in that case.

7. When that petition was unsuccessful, Judge White then granted the in-case subpoena, finding that the Columbia factors had now finally been met. See Dkt. 105 (a copy of which is hereby provided as **Exhibit C**).

8. In other words, I am indeed fulfilling "the Columbia factors" by filing this very petition for subpoena in this case.

9. At this point, Creetosis is engaging in blatant circular logic. He is basically arguing that I

shouldn't be allowed to fulfill the Columbia factors because... I haven't yet fulfilled the Columbia factors. The Court should not reward such blatant bad faith circular logic.

10. Put simply, there is nothing procedurally offensive about this petition, and therefore, the Court should move forward in issuing it.

**There is nothing wrong with me bringing the petition for subpoena in this district.**

11. Next, Movant attempts to argue that, even if it may be proper to bring this petition as a separate action, it is still improper for me to bring it *in this district*. See Dkt. 11, Page 5 (" he has opted to bring his request to a court in the Third Circuit").

12. Once again, I have already addressed this very issue in the original Petition itself. See Dkt 2, ¶¶ 2-3. The fact that Movant has not even *attempted* to address those arguments is telling, and he should not be granted relief until he adequately addresses them.

13. That said, if he addresses them for the first time in his Reply brief, then I respectfully ask that the Court not consider those arguments, as it is universal and well-established that raising new arguments for the first time in a reply brief – where the nonmovant cannot reply further – is a violation of the nonmovant's due process rights. See Teleconference Sys. v. Proctor & Gamble, 676 F. Supp. 2d 321, 331 n. 13 (DE 2009) ("Issues raised for the first time in a reply brief should not be heard"). See also Tiwaz v. Hanna, 24-235-GBW-SRF, Dkt. 52 (DE June 1, 2026) ("The law in this district is clear that arguments raised for the first time in a reply brief are improper and will not be considered") (citing In re Niaspan Antitrust Litig., 67 F.4th 118, 135 (3d Cir. 2023)). So if Movant wishes to properly address this issue, he should (A) first have this motion be denied without prejudice, or otherwise withdraw the motion of his own accord, and (B) file an entirely new motion.

**This Court does not have jurisdiction to adjudicate the statute of limitations defense.**

14. After that, in Section V of his motion (beginning on Page 6), the movant, in effect, argues that this petition is improper because of the statute of limitations defense.

15. If the Court were to accept that as a grounds to quash the injunction, it would, in effect, be deciding the merits of the underlying copyright infringement dispute. This Court lacks jurisdiction to do so. This Court's involvement in this matter begins and ends with issuing the subpoena to identify the Defendant. That's it. Nothing more, nothing less. Any further adjudication of the matter would effectively usurp the authority of Judge Jeffrey White in California.

16. Therefore, the movant's final argument in favor of quashing is the most frivolous of them all.

**Conclusion**

17. Wherefore, premises considered, I respectfully pray that the Motion to Quash be denied.

So requested on this, the 28th day of October, 2026.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com