UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

In re: DAVID A. STEBBINS PETITIONER

V Case 1:26-mc-00609

JOHN DOE AFFECTED NONPARTY

**REPLY IN SUPPORT OF MOVANT CREETOSIS'S REQUEST FOR EMERGENCY STAY, QUASHING OF SUBPOENA ISSUED TO GOOGLE LLC, AND TO REOPEN PROCEEDING FOR LIMITED PURPOSE**

Petitioner David Stebbins ("Stebbins") makes several allegations about Movant John Doe's ("Movant") Motion, and more to the point misstates applicable law as well as the record in the pending litigation. Petitioner clearly intends to try to sidestep the facts that hurt him, much as he is attempting to sidestep the authority of Judge White in that case. This Court should not reward him for this.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2026 OCT 35 AM 9:50
JCS

**ARGUMENT**

**I. THE PENDING CALIFORNIA LITIGATION GOVERNS THE IDENTIFYING DISCOVERY SOUGHT BY PETITIONER**

Petitioner is correct in the statement that Judge White said that he could request a stay pending a separate § 512(h) proceeding. However, Petitioner selectively relies upon that statement while disregarding everything else, including the footnote *of his own exhibit*. In Exhibit B, footnote 1 reads: "To the extent that the Court's earlier ruling denying Stebbins' Section 512(h) motion in the related case...implied that Section 512(h) is a proper tool for early discovery, **that ruling was in error.**" (emphasis added). Judge White *explicitly* corrected the record. Petitioner had full access to this ruling and could have read it himself before filing this request.

This is not simply an oversight. Petitioner has been told to specifically satisfy the *Columbia* factors to obtain early discovery. In two cases, he has attempted to bypass that by filing subpoenas

under § 512(h). In both instances, he has been instructed that the use of § 512(h) is improper for pending litigation. If Petitioner were seeking to bring new litigation against Movant, then there could be no argument on this case. However, Petitioner makes it clear in his request that this subpoena is for the pending litigation and nothing else. The distinction between a separate § 512(h) proceeding and early discovery in pending litigation cannot be reduced to a docket number under which the request is filed.

Moreover, as provided in Movant's Motion, Petitioner has already attempted to use a separate § 512(h) subpoena proceeding in order to bypass Judge White's instructions. Movant supplied the Court with the relevant order from Judge Trina L. Thompson in which she noted that Petitioner's request was an attempt to "sidestep Judge White's orders by submitting a Petition for Issuance of Subpoena Duces Tecum" under that section. Motion, at page 4-5. Petitioner therefore was already aware a court had refused to grant his request and found his actions specifically designed to obviate the presiding authority's order.

Interestingly, Petitioner failed to address this prior judicial finding and Movant's reliance upon it. That omission is particularly significant given Petitioner's insistence that the existence of a separate § 512(h) proceeding resolves the objections in the Motion to Quash.

Movant thus suggests that Judge White's orders, read together, reject the use of § 512(h) as a substitute for early discovery procedures established in the pending action. Petitioner's contrary interpretation would permit a litigant to avoid the requirements imposed by the presiding court simply by seeking substantially identical relief in another district. This Court should reject Petitioner's selective characterization of Judge White's orders and decline to enforce a subpoena that would accomplish, through a separate, improper proceeding, the disclosure Petitioner has not obtained under the procedure required in the underlying litigation.

Further, Petitioner claims that the subpoena in the related cases against defendant Bibi Faizi was

issued on the third attempt, showing the *Columbia* factors had been satisfied. This is a red herring: Judge White makes no mention of the denied subpoena playing a part in granting the subpoena request, because the only evidence Petitioner provided to the court was public search attempts using BeenVerified and Spokeo. See *Stebbins v. Alphabet Inc.*, 4:22-cv-00546, (N.D. Cal.), dkt 100-1 and 100-2. Indeed, in granting the subpoena, Judge White specifically noted that these exhibits showed a "good faith" attempt to locate the intended defendant's information, and makes no reference to the unsuccessful § 512(h) subpoena being a factor in granting it. Petitioner's reliance on that outcome therefore undermines, rather than supports, his present position. The successful subpoena demonstrates that compliance with Judge White's discovery requirement was both possible and effective. Petitioner, therefore, cannot reasonably equate the filing of a separate subpoena petition with the documented identification efforts that Judge White actually credited in granting the subpoena for Bibi Faizi's information.

Finally, Judge White expressly recognized the Constitutional interests implicated by compelled identification of anonymous online speakers. In Docket 105, the Court explained that judicial consideration of early discovery requires balancing the plaintiff's opportunity to pursue legitimate claims against the "legitimate and valuable right to participate in online forums anonymously." The Court further recognized the danger that a litigant might employ a frivolous lawsuit to obtain judicial assistance in identifying an anonymous individual for purposes of harassment. *Id.* (quoting *Patrick Collins v. John Does 1 through 37*, No. 2:12-cv-01259-JAM-EFB, 2012 WL 2872832, at *3 (E.D. Cal. July 11, 2012)). These concerns are directly implicated here. Movant's identifying information is the very subject of the subpoena, and disclosure would extinguish that anonymity interest that Movant seeks to protect.

## II. PETITIONER MISREPRESENTS THE FORUM QUESTION

Petitioner next contends that Movant challenges the propriety of bringing a § 512(h) petition in

this District, relying on a single sentence extracted from page 5 of the Motion to Quash. (Dkt. 12, ¶¶ 11-13). That characterization disregards the surrounding argument and authority cited.

Movant did not assert that the District of Delaware categorically lacks statutory authority to entertain a petition under § 512(h), but rather argued that Petitioner elected to pursue substantially identical identifying information in another judicial Circuit after Judge White expressly identified the requirements he must satisfy to obtain early discovery.

The challenged passage specifically addresses Petitioner's decision to pursue relief outside the Northern District of California despite having commenced the underlying litigation there and having received explicit discovery instructions from Judge White. The reference to the Third Circuit identifies the forum in which Petitioner sought that relief; it does not constitute an independent objection to statutory venue.

Indeed, the Motion expressly cites *Stebbins v. Hixson*, 3:18-cv-03040, (W.D. Ark.), at dkt. 32, in which Judge Timothy L. Brooks expressed concern that Petitioner's selection of a different judicial district was motivated by an effort to avoid judicial review or existing filing restrictions. Movant cited that history as relevant to the circumstances surrounding the instant petition and choice of forum, not as authority establishing Delaware's lack of jurisdiction to hear and decide such petitions.

Petitioner's attempt to invoke § 512(h)(1), which permits a copyright owner to request a subpoena from any United States district court, therefore does not answer Movant's objection. The statutory availability of the forum does not, standing alone, establish that a particular subpoena should be enforced. The question is not *whether* he was permitted to file a petition in Delaware, but rather *if* he can do so to use that proceeding to obtain information after the court presiding over the pending litigation expressly established requirements for obtaining early discovery.

Petitioner further argues that Movant cannot address his venue assertions in a reply brief without improperly introducing new arguments. This contention is misplaced because Movant is not

asserting a new ground for relief, but rather directly responding to Petitioner's characterization of an argument expressly raised in the original Motion. The authorities Petitioner cites concerning arguments raised for the first time in reply briefs do not prohibit Movant from clarifying an existing argument or responding to a contention first advanced in opposition, nor do they require withdrawal or denial of an otherwise pending motion merely because the opposing party has misconstrued its contents.

## III. PETITIONER'S CHARACTERIZATION OF THE STATUTE OF LIMITATIONS ARGUMENT IS INCORRECT

Petitioner closes out by claiming Movant is arguing that the petition is improper because of a statute of limitations defense. That is a blatant mischaracterization of the structure and language of the argument.

Section V challenges the stated purpose of the subpoena under § 512(h)(2)(C), which requires a sworn declaration that the subpoena is sought to identify an alleged infringer and that the identifying information will be used only to protect the rights under Title 17. Movant identified two possible purposes for the request and explained why each raises concerns regarding the impropriety of the subpoena.

First, if Petitioner seeks Movant's information for use in the existing California litigation as he claims in his petition, then the request must be considered in light of Judge White's prior rulings concerning substantially identical identifying discovery. Petitioner has already sought this information in that action and was told to satisfy the *Columbia* factors. Rather than pursue the procedure established by the court, Petitioner sought that information through a proceeding in a different judicial district.

Second, if Petitioner instead seeks the information to commence new litigation for infringement, Section V observes that he has identified no separate infringement claim or subsequent allegedly infringing act that would explain such a purpose. Petitioner's request specifically references

his August 24, 2023 DMCA as evidence of a valid DMCA takedown request. Movant then posits that if this is the case, then the statute of limitations has passed, and there could be no valid claim that he could pursue separate from the California litigation.

Petitioner's opposition addresses the second scenario as though that is the totality of the argument, disregarding the first scenario.

The argument is obvious, and should need no explanation: either Petitioner is seeking the information relating to his pending litigation and knows what he must do to obtain said information in that case, or he is seeking to bring a separate action using that very source. If it is the former, Judge White is the appropriate authority to handle this. If it is the latter, then Petitioner should have explained in his petition how the statute of limitations has been tolled. In any event, Movant accepts the original petition's claim that it is for the pending litigation as true, and thus rests his argument on that.

Finally, Petitioner argues that the authority of this Court "begins and ends with issuing the subpoena to identify the Defendant. That's it. Nothing more, nothing less. Any further adjudication of the matter would effectively usurp the authority of Judge Jeffrey White in California." Opposition, at ¶15. Petitioner cannot have it both ways. If bringing this petition does not usurp Judge White's authority, then this Court quashing the subpoena because it is improper likewise would not usurp his authority if it decides the subpoena is a run-around of Judge White in the first place. Petitioner would be asking this Court to exercise authority over a § 512(h) subpoena while arguing that reviewing the propriety of that same subpoena would intrude on the California court's authority. If Petitioner seeks to argue that new claims have arisen, he should have first brought those claims in the pending litigation to preserve them. If he seeks to use those claims in new litigation, then it stands to reason that it would not "usurp Judge White's authority" if that new litigation is not before him.

Even if Petitioner could claim new copyright infringement in the alleged infringing video, he

would be running afoul of claim-splitting. Any attempt to commence a second action against Movant over the same alleged conduct arising from the same source would raise not only the statute of limitations under 17 U.S.C. §507(b), but also the prohibition against improper claim-splitting. See *Adams v. California Department of Health Services*, 487 F.3d 684, 688-94 (9th Cir. 2007). He cannot divide a single controversy in multiple lawsuits merely by asserting additional claims or theories arising from the same transactional nucleus of facts. Petitioner is well aware of this, as he recently had a case dismissed on claim-splitting grounds. See *Stebbins v. Redfield*, 3:23-cv-00321, (N.D. Cal.).

## IV. PETITIONER'S CONDUCT WARRANTS CONSIDERATION OF SANCTIONS AND REIMBURSEMENT

Movant's request for reimbursement is not premised merely upon the possibility the subpoena may be quashed, but rather arises from Petitioner's decision to pursue substantially identical information through a separate proceeding despite his knowledge of prior judicial orders addressing the propriety of that procedure.

Federal courts possess inherent authority to sanction litigation conduct undertaken in bad faith or for improper purpose. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 50 (1991). That authority includes, upon the requisite findings and appropriate procedural safeguards, the assessment of reasonable expenses caused by abusive litigation conduct. The record supplies substantial grounds for this court to award such sanctions.

First, Petitioner was expressly instructed by Judge White to satisfy the *Columbia* factors before obtaining Movant's information via early discovery in the pending California litigation. Petitioner was therefore aware that disclosure implicated requirements imposed by the presiding judge over that action.

Second, Petitioner previously attempted this same tactic in another case, only for Judge Trina L. Thompson to characterize that proceeding as an attempt to "sidestep Judge White's orders." Petitioner

cannot plausibly contend that the potential conflict between separate proceedings and Judge White's discovery requirements was unknown to him. Nevertheless, he elected to pursue the present subpoena through another judicial district.

Third, Judge White subsequently demonstrated that if Petitioner satisfied the *Columbia* factors, then he could obtain that early discovery, as shown in the Bibi Faizi case. Petitioner, therefore, had knowledge that if he complied and did what was required, he could obtain his subpoena.

Fourth, Petitioner relies on a selective characterization of Judge White's orders, including his statement permitting a request to stay the California proceedings pending resolution of a separate § 512(h) action, while failing to reconcile that statement with Judge White's subsequent correction concerning the use of § 512(h) as an early discovery mechanism.

Finally, Petitioner's position concerning this Court's authority is itself revealing. He invokes this Court to issue a subpoena compelling disclosure of Movant's identity, yet asserts that this Court's involvement "begins and ends" with issuance and that further adjudication would "usurp" Judge White's authority. Such a position would permit Petitioner to obtain compulsory judicial process while effectively denying the affected individual a meaningful opportunity to challenge its propriety.

Taken together, this shows knowledge of what he must do and a willful decision to go against prior judicial findings to attempt to bypass those requirements. Movant, thus, has expended resources to object to Petitioner's actions which he was warned previously were impermissible. Just because he brings the case to a different judicial district does not negate the finding of Judge Trina L. Thompson, nor the express orders of Judge Jeffrey White. Accordingly, Movant respectfully requests the Court determine if Petitioner pursued this subpoena in bad faith for purposes of circumventing Judge White's discovery orders, that he did so willfully and deliberately, that he knew and understood this action to be improper, and allow Movant to file a supplemental submission identifying the expenses incurred, after affording Petitioner notice and an opportunity to respond.

## CONCLUSION

Petitioner's opposition fails to address Movant's arguments, instead relying on mischaracterizing the arguments put forth at several junctures, as well as ignoring his own proffered evidence. The Court should look at what Movant actually said in his Motion, and not accept Petitioner's attempt to rewrite it. Movant's arguments were elucidated and simplified, and yet Petitioner has decided that he doesn't like what they say and seemingly has decided that his characterization is easier to respond to.

The Court, thus, should grant the request to reopen the proceeding for the limited purpose of adjudicating the Motion to Quash, grant the requested emergency stay of compliance pending resolution of that Motion, quash the subpoena issued to Google LLC, and award reimbursement of reasonable, documented costs directly caused by Petitioner's conduct, with Petitioner afforded an opportunity to respond.

Any reimbursement awarded should be administered through a procedure that preserves Movant's anonymity, including, if appropriate, submission of supporting documentation under seal or through another protective arrangement approved by the Court. Movant respectfully requests that no reimbursement procedure require disclosure of the very identifying information he seeks to protect through this Motion.

SIGNED ON THIS DAY, October 29, 2026.

_______/s/John Doe_______
John Doe, Movant
creetosislegal@gmail.com